## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL                           JS-6

| Case No. | CV 20-3691 PSG (ASx) | Date | July 28, 2020 |
|---|---|---|---|
| Title | Tina Marie Bradford v. Los Angeles County Office of Education et al. | | |

Present: The Honorable    Philip S. Gutierrez, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**    **The Court GRANTS the motions to dismiss and DENIES the motion to deem Plaintiff a vexatious litigant**

Before the Court is Defendants Los Angeles County Office of Education ("LACOE"), and York Risk Services Group, Inc.'s ("York") (collectively, "Defendants") motions to dismiss the complaint. *See* Dkts. # 13, 16. Also before the Court is Defendant LACOE's motion to deem Plaintiff Tina Marie Bradford ("Plaintiff"), proceeding pro se, a vexatious litigant. *See* Dkt. # 17 ("*MVL*"). Plaintiff has not opposed. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving, opposing, and reply papers, the Court **GRANTS** the motions to dismiss and **DENIES** the motion to deem Plaintiff a vexatious litigant.

I.    <u>Motions to Dismiss</u>

Plaintiff filed the complaint in this action on April 22, 2020, alleging that she was injured while working as a substitute teacher for LACOE. *See Complaint*, Dkt. # 1 ("*Compl.*"). Among other grounds, Defendants move for dismissal based on insufficient service of process, statute of limitations, res judicata, collateral estoppel, and failure to file a claim pursuant to the Government Tort Claims Act. *See generally* Dkts. # 13, 16.

Defendants' motions were filed on May 28, 2020, with a hearing scheduled for August 3, 2020. *See id.*; Dkt. # 22. Pursuant to Local Rule 7-9, Plaintiff was required to oppose the motions by July 13, 2020. As of this date, although Plaintiff has filed a Demand for Jury Trial, *see* Dkt. # 23, Plaintiff has not filed any opposition to Defendants' motions to dismiss. Pursuant to Local Rule 7-12, the Court deems Plaintiff's failure to file a timely opposition as consent to granting the motions. Accordingly, Defendants' motions to dismiss the complaint are **GRANTED**.

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3691 PSG (ASx) | Date | July 28, 2020 |
|---|---|---|---|
| Title | Tina Marie Bradford v. Los Angeles County Office of Education et al. | | |

II.     Motion to Deem Plaintiff a Vexatious Litigant

The Court turns to LACOE's motion to deem Plaintiff a vexatious litigant under California Code of Civil Procedure § 391, *see MVL*, which Plaintiff has not opposed.

A.     Background[1]

i.     *Worker's Compensation Claims and Appeals*

In 2012, Plaintiff filed a worker's compensation claim against LACOE, Case No. ADJ8736268, and the parties settled the claim on January 23, 2013. *See RJN*, Ex. A. The settlement resolved Plaintiff's claims for injuries to her skin, face and psychiatric/nervous system during her employment with LACOE. *See id.* The settlement was approved by the Workers Compensation Appeals Board ("WCAB") on January 28, 2013, and an award was granted by the WCAB. *See id.*, Ex. B.

Plaintiff then filed another worker's compensation claim against LACOE in July 2015, and on March 23, 2018, after a full trial on the merits, the WCAB entered judgment against Plaintiff in Case No. ADJ10064793. *See id.*, Ex. C. The WCAB concluded that Plaintiff's claims did not arise from an industrial injury, and that her claim related to the prior, settled claim. *See id.*

---

[1] LACOE has filed a request for judicial notice of various publicly filed or recorded documents, including those filed in other actions. *See Request for Judicial Notice*, Dkt. # 17-2 ("*RJN*"). Under Federal Rule of Evidence 201 a court may take judicial notice of facts not subject to reasonable dispute because they (1) are generally known within the court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). A federal court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). In addition, the Court "can take judicial notice of '[p]ublic records and government documents available from reliable sources on the Internet.'" *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015). The Court concludes the documents are the proper subject of judicial notice and **GRANTS** the request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3691 PSG (ASx) | Date | July 28, 2020 |
| --- | --- | --- | --- |
| Title | Tina Marie Bradford v. Los Angeles County Office of Education et al. | | |

Plaintiff then sought reconsideration of her claims against LACOE by the WCAB. *See id.*, Ex. D. On May 3, 2018 the WCAB denied Plaintiff's Petition for Reconsideration because her claims had already been settled. *See id*. The WCAB explained:

"[Plaintiff] worked as a substitute teacher for [LACOE] [and] alleges a cumulative trauma injury during the period 8/1/2009 through 8/1/2010 based upon exposure at work that led to an infection, resulting in [Plaintiff] claiming injury to the arms, lower extremities, eyes, skin, cervical cancer, hypothyroidism, acid reflux, and internal complaints . . . . [Plaintiff] had another prior claim for a specific injury (ADJ8736268) which previously settled and covered the same industrial complaints."

*Id.*

Plaintiff then filed a petition for writ of review of the matter to the California Court of Appeal, which was denied on July 30, 2018. *See id.*, Ex. E. Plaintiff then petitioned to the California Supreme Court for review of the same matter, but was denied on September 19, 2018. *See id.*, Ex. F.

Plaintiff then filed a Petition for Writ of Certiorari to the United States Supreme Court. *See id.*, Exs. G, H. Plaintiff's Petition was denied on June 24, 2019. *See id*. Plaintiff filed a Petition for Rehearing to the United States Supreme Court, but was denied on August 28, 2019. *See id.*, Exs. I, J.

### ii. *Los Angeles County Superior Court Action*

Plaintiff filed a personal injury complaint on October 17, 2019 in Los Angeles Superior Court against LACOE, Case No. 19STCV37015. *See id.*, Ex. M. Plaintiff alleged, among other things, that she contracted a staph infection while working for LACOE. *See id*. On January 8, 2020, the court granted LACOE's demurrer without leave to amend, because Plaintiff's claims were barred by res judicata and/or collateral estoppel, and the statute of limitations. *See id.*, Ex. N. Plaintiff then filed a motion for reconsideration. *See id.*, Ex. O. On February 28, 2020, the court denied the motion. *See id.*, Ex. P.

### iii. *This Action*

Plaintiff initiated this action on April 22, 2020 against LACOE and York. *See Compl*. In Plaintiff's complaint, Plaintiff references the state court action. *See id.* at 3. Plaintiff alleges that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3691 PSG (ASx) | Date | July 28, 2020 |
| --- | --- | --- | --- |
| Title | Tina Marie Bradford v. Los Angeles County Office of Education et al. | | |

she was injured at juvenile hall facilities while working as a substitute teacher for LACOE, and was "exposed to and contacted, with multiple exposure a STAPH (Staphylococcus) skin disease that spread over 100% of the body." *See id.* at 4.

B.   Legal Standard

"[T]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (alteration omitted) (citing *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)).[2]  "Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), 'enjoining litigants with abusive and lengthy litigation histories is one such restriction' that courts may impose." *Ringgold-Lockhart v. Cnty. of L.A.*, 761 F.3d 1057, 1061 (9th Cir. 2014) (quoting *De Long,* 912 F.2d at 1147).  Courts, however, should rarely resort to this power because of its potential burden on the litigant's constitutional right of access to the court system.  *Id.* at 1061–62.

The Ninth Circuit allows the imposition pre-filing restrictions only if a court:  "(1) give[s] litigants notice and an opportunity to oppose the order before it is entered; (2) compile[s] an adequate record for appellate review, including a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed; (3) make[s] substantive findings of frivolousness or harassment; and (4) tailor[s] the order narrowly so as to closely fit the specific vice encountered."  *Id.* at 1062 (alteration and internal quotation marks omitted).  The first two requirements are procedural, while the latter two are substantive.  *Id.*  In considering the substantive requirements, the Ninth Circuit has looked to five factors enumerated by the Second Circuit:

(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative suits; (2) the litigant's motive in pursuing the litigation, for example, whether the litigant had a good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused unnecessary expense to the parties or placed a needless burden on the courts; and (5) whether other sanctions would be adequate to protect the courts and other parties.

---

[2] Under the Central District of California Local Rules, a court in this district may, at its discretion, rely on California state law in determining whether a party is a vexatious litigant.  *See* L.R. 83-8.4; *Ringgold-Lockhart*, 761 F.3d at 1061 n.1.  Here, the Court relies on the federal standards in determining whether Plaintiff is a vexatious litigant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3691 PSG (ASx) | Date | July 28, 2020 |
|---|---|---|---|
| Title | Tina Marie Bradford v. Los Angeles County Office of Education et al. | | |

*Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1051 (9th Cir. 2007) (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

C.    Discussion

The Court turns to the third factor, which requires the Court to make substantive findings of frivolousness or harassment, and finding it dispositive does not reach the other factors.  *See Ringgold-Lockhart*, 761 F.3d at 1064; *De Long*, 912 F.2d at 1148.  "To determine whether the litigation is frivolous, district courts must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Ringgold-Lockhart*, 761 F.3d at 1064 (internal quotation marks omitted).  The "number" inquiry asks whether the amount of complaints filed is inordinate.  *Id.*; *De Long*, 912 F.3d at 1148.  The content inquiry asks also whether the plaintiff's claims are "patently without merit"; litigiousness on its own is insufficient.  *See Ringgold-Lockhart*, 761 F.3d at 1064; *Molski*, 500 F.3d at 1059.  A finding of harassment requires that a litigant's filings "show a pattern of harassment."  *Ringgold-Lockhart*, 761 F.3d at 1064 (quoting *De Long*, 912 F.3d at 1148).  Finally, courts should also consider whether other, less restrictive options, are adequate to protect the court and parties.  *Id*.

The Court concludes that it is inappropriate to deem Plaintiff a vexatious litigant at this time.  The record before the Court includes a worker's compensation judgment and Plaintiff's numerous appeals from that adverse judgment against her; and one other state court action in which a demurrer was granted against her.  On this record, the Court is not convinced that the number of complaints Plaintiff has filed is "inordinate."  *See id.* (citing *Molski*, 500 F.3d at 1060 (roughly 400 similar cases); *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523, 1526 (9th Cir. 1983) (thirty-five actions filed in 30 jurisdictions); *In re Oliver*, 682 F.2d 443, 444 (3d Cir. 1982) (more than fifty frivolous cases); *In re Green*, 669 F.2d 779, 781 (D.C. Cir. 1981) (per curiam) (between 600 and 700 complaints)).  There is not sufficient evidence of a pattern of harassment.  Moreover, other less severe remedies may be available to deter this conduct.  *See id.* at 1065.

In sum, the Court **DENIES** LACOE's motion to deem Plaintiff a vexatious litigant at this time.

III.    Conclusion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3691 PSG (ASx) | Date | July 28, 2020 |
|----------|----------------------|------|---------------|
| Title | Tina Marie Bradford v. Los Angeles County Office of Education et al. | | |

     For the foregoing reasons, the Court **DENIES** LACOE's motion to deem Plaintiff a vexatious litigant.  The Court **GRANTS** Defendants' motions to dismiss Plaintiff's complaint. This order closes the case.

     **IT IS SO ORDERED**.